UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:23-CV-21445

PERLAND TITLE & ESCROW SERVICES
CORP., a Florida corporation,

    Plaintiff,

vs.

AUTONOMY INVESTMENT PUERTO RICO,
LLC, a Florida limited liability company; and
ULLA HOLDING, INC., a Delaware corporation,

    Defendants.
_____/

### PLAINTIFF'S, PERLAND TITLE & ESCROW SERVICES, CORP., VERIFIED MOTION FOR ATTORNEYS' FEES AND COSTS

Pursuant to S.D. Fla. L.R. 7.3, 28 U.S.C. § 1335, Fed. R. Civ. P. 22 and this Court's *Order Granting Plaintiff's Renewed Motion for Entry of Summary Judgment Interpleader* (the "Summary Judgment Order") [D.E. 89], Perland Title & Escrow Services Corp. ("Perland"), by and through its undersigned counsel, hereby files this Motion for Attorneys' Fees and Costs.

### Brief Procedural Background

This lawsuit arises out of a contract dispute between Defendants, Ulla Holding, Inc. ("Ulla") and Autonomy Investment Puerto Rico LLC ("Autonomy"). Ulla agreed to purchase a condominium from Autonomy for $2,400,000, with Ulla depositing $100,000 into an escrow account with Perland. Summary Judgment Order, at p. 1. The deal failed, and Ulla filed suit against Autonomy in state court seeking return of the deposit. Autonomy successfully removed that matter to this Court. *Id*. at p. 2. Autonomy then moved to dismiss Ulla's complaint, and after Ulla's counsel withdrew, Ulla defaulted on an order directing it to obtain new counsel, and failed to

1

respond to the motion to dismiss, Autonomy ultimately succeeded in obtaining a final order declaring that Ulla "shall take nothing from Defendant [Autonomy] through this action." *Id*. However, the dismissal order included a footnote stating "[t]o the extent that Defendant [Autonomy] seeks affirmative relief in its favor and against Plaintiff [Ulla], declaratory or otherwise, Defendant [Autonomy] must file its own lawsuit seeking such relief." *Id*. Meanwhile, the $100,000 deposit remained in Perland's account. *Id*.

Perland then filed this Interpleader action naming and eventually serving both Ulla and Autonomy as Defendants, stating that both Defendants had claimed an interest in the $100,000 deposit. *Id*. Perland, as a disinterested stakeholder, claimed no ownership over the funds, but due to competing demands on the money, asked to deposit the amount into the court registry. *Id*. Perland sought an order "(a) authorizing Plaintiff to pay the $100,000.00 it holds in escrow into the Registry of the Court; (b) discharging Plaintiff from all liability to all interested parties for such monies and property due; (c) requiring the interested parties identified hereby to interplead and litigate between themselves their respective rights to the monies due; (d) restraining and permanently enjoining all interested parties subject to this action from instituting any action against the Plaintiff for recovery of the monies due; (e) awarding Plaintiff its reasonable attorney's fees and costs incurred in connection with the filing of this interpleader action, forthwith; and for any and all further relief as this Court deems just and proper." *Id*.

On January 4, 2024, Perland moved for summary judgment, and on May 22, 2024, the Court entered the Order granting Perland's Motion, finding that "Perland established a successful claim for interpleader." *Id*. at p. 8.  In its Order, the Court agreed with Perland that "Perland expended time and money to bring this action and reasonably assumed it could be held liable based upon the footnote." *Id*. at p. 9. The Order is titled "Order Granting Plaintiff's Renewed Motion for

Entry of Summary Judgment Interpleader" and in the Order the Court rules that "Plaintiff's Motion for Summary Judgment, [ECF No. 72], is GRANTED to the extent that Perland has filed a proper interpleader action and has a right to reasonable attorneys' fees." *Id*. at p. 10.

### Perland's Entitlement to Fees and Costs

As an interpleader actor in good faith, Perland is entitled to a finding of entitlement to attorneys' fees and costs. "[A]lthough such awards are within the court's discretion; they are common where the [disinterested] stakeholder has acted in good faith." *Katsaris v. United States*, 684 F.2d 758, 763 (11th Cir.1982). *See also Morgan Stanley v. Mejia de Del Corral*, 2019 WL 5291009, at *1 (S.D. Fla. July 9, 2019) (granting Morgan Stanley's motion for interpleader attorneys' fees). Indeed, in its Order the Court found that "Perland established a successful claim for interpleader" and agreed with Perland that "Perland expended time and money to bring this action and reasonably assumed it could be held liable based upon the footnote." *See* Order at pp. 8-9. Indeed, the Order is titled "Order Granting Plaintiff's Renewed Motion for Entry of Summary Judgment Interpleader" and in the Order the Court rules that "Plaintiff's Motion for Summary Judgment, [ECF No. 72], is GRANTED to the extent that Perland has filed a proper interpleader action and has a right to reasonable attorneys' fees." Id. at p. 10. Therefore, Perland has established its entitlement to an award of reasonable fees and costs.

### Perland's Request for an Award of Reasonable Fees and Costs

Pursuant to Southern District of Florida Local Rule 7.3, in order to be awarded its reasonable fees and costs, Perland must: "(1) state the amount sought; (2) disclose the terms of any applicable fee agreement; (3) provide information regarding timekeepers, hours expended, tasks completed, and hourly rates claimed; (4) provide invoices; (5) include a verification; and (6) include the detailed certification of conferral."

Perland seeks $34,495.00 in fees and $931.39 in costs in connection with this matter. The timekeepers who worked on this file are undersigned counsel, Ellen Marie Patterson, her law partner, Jezabel P. Lima, and a summer associate, Katelyn Garciga. Ms. Patterson and Ms. Lima are both experienced trial attorneys who specialize in complex real estate litigation matters. Ms. Patterson has frequently assisted with lectures and presentations at seminars and assemblies regarding real property disputes.

Ms. Patterson is a partner at the law firm of Levine Kellogg Lehman Schneider + Grossman, LLP (the "Firm"), has been practicing law in the State of Florida since 2001, and is a member in good standing of the Florida, Southern District of Florida and Middle District of Florida Bars. Ms. Patterson graduated with her juris doctorate from the University of Miami School of Law in 2001. She received a Bachelor of Arts from Duke University in 1998. Ms. Patterson joined the Firm as a partner in 2017. Prior to joining the Firm, Ms. Patterson worked as a senior associate at Rothman & Tobin, P.A. for nearly 14 years, a firm specializing in real estate transactions and commercial and real estate litigation.

Ms. Lima is a partner at the Firm, has been practicing law in the State of Florida since 2001, and is a member in good standing of the Florida, District of Columbia, Southern District of Florida, Middle District of Florida, and Northern District of Florida Bars. Prior to becoming a partner at the Firm in 2015, she worked with the Firm as *Of Counsel*, while she maintained her own law practice, which she formed in 2010. Prior to forming her own law practice, she was a partner at Tew Cardenas, where she worked from 2002 until 2010 and was an associate with Shutts & Bowen, where she began her legal career as a summer associate, in 2001. Ms. Lima graduated with her juris doctorate, *magna cum laude*, from Florida State University College of Law in 2001. She was a member of the Florida State University College of Law Review. Ms. Lima graduated *magna cum laude*, from Florida International University in 1998, where she received a Bachelor of Business Administration.

During the summer of 2023, Ms. Garciga was employed by the Firm as a summer associate. Ms. Garciga recently graduated from Florida International University College of Law, where she was a staff member of the Law Review. Ms. Garciga received a Bachelor of Business Administration from the University of Florida, Warrington College of Business in 2021. Prior to working at the Firm, Ms. Garciga served as a judicial intern for the Honorable Robert A. Mack, United States Bankruptcy Court Judge for the Southern District of Florida. Ms. Garciga has accepted a post graduate offer to clerk for the Honorable Judge Grossman in the U.S. Bankruptcy Court for the Southern District of Florida and expects to begin this position after passage of the Florida Bar examination.

Pursuant to the retainer agreement between the Firm and Perland, Perland agreed to pay Ms. Patterson a discounted hourly rate of $350 per hour (which is less than half of Ms. Patterson's typical hourly rate of $775 per hour) in the event that this interpleader action was contested. A copy of this retainer agreement is attached hereto as **Exhibit "1."** Perland also agreed to pay the Firm's standard hourly rate for Ms. Lima of $775 per hour, but the Firm ultimately reduced Ms. Lima's rate to $350 per hour, as well, for this matter. It is undisputed that Autonomy contested the interpleader.

The total number of hours expended on this matter for each timekeeper and their respective hourly rate is summarized in the following chart:

| **Timekeeper** | **Hours billed** | **Amount billed** |
| --- | --- | --- |
| Ellen Patterson | 58 | $20,300.00 |
| Jezabel Lima | 41.7 | $14,595.00 |
| Katelyn Garciga | 3 | $600 |
|  |  |  |
| **Total** | **102.7** | **$35,495.00** |

The tasks completed by each timekeeper are set forth in the invoices attached hereto as **Exhibit "2."**

In support of this Motion, Perland respectfully submits the affidavit of its fee expert, Carlos D. Lerman, an attorney licensed to practice law in the State of Florida and duly admitted and qualified to practice in the United States District Court for the Southern District of Florida since 1988. *See* Affidavit of Reasonable Attorneys' Fees, at ¶ 1, attached hereto as **Exhibit "3."** Mr. Lerman's primary practice area is real estate and commercial litigation. *See id*. at ¶ 2. Mr. Lerman opines that the reasonable fees for the services provided by the Firm for Perland in this matter would be $49,850. *See id*. at ¶ 7. Mr. Lerman calculates this fee based upon the total time spent by attorneys Patterson and Lima (*i.e.*, 99.7 hours) at an hourly rate of $500 per hour. Mr. Lerman further opines that the billing rate of $350 per hour is far below the reasonable and customary billing rate in the community for attorneys with Ms. Patterson's and Ms. Lima's experience. *See id*. Therefore, according to Mr. Lerman, the fee that Perland seeks to recover in this case is actually $14,355 less than the reasonable fee that this matter commands.[1]

The costs expended on this matter are the following:

| Cost | Amount |
|---|---|
| Filing fee | $431.00 |
| Service of process fees | $175.00 |
| Postage | $24.73 |
| Delaware Corporation Information Fee (Ulla) | $20.00 |
| Westlaw | $258.66 |
| Pacer | $22.00 |
| **Total** | **$931.39** |

---

[1] Mr. Lerman formed the foregoing opinions based upon conversations with undersigned counsel, a review of the detailed time entries contained in the Firm's invoices, the Firm's retainer agreement with Perland, the docket for this case, and the filings in this matter. *See id*. at ¶ 6.

Importantly, Perland's attorneys' fees and costs would be much lower if Autonomy had agreed to the interpleader order which Perland repeatedly proposed since the inception of this case, instead of vigorously and unreasonably litigating against it. Since it commenced this lawsuit, Perland requested Autonomy's consent to deposit the interpleader funds into the Court's registry, but Autonomy refused to allow Perland to do so. In fact, Autonomy, by and through its counsel, not only strenuously opposed Perland's summary judgment motion for interpleader[2] but made its sole purpose in this lawsuit to harass Perland by sending menacing emails to Perland's counsel, essentially on a weekly basis (sometimes multiple times a day), propounding unnecessary and pointless document production requests and interrogatories on Perland, and even going so far as to improperly issue a subpoena to Perland's bank, City National Bank of Florida, seeking *"all monthly bank statements, cancelled checks, and records of incoming and outbound wires for any account in the name of Perland Title & Escrow Services Corp. or any account with the EIN 59-12 ding but not limited to the account ending in xxxx-802, from January 1, 2021 to the present time [emphasis added],"* for which Perland was forced to file a Motion to Quash and/or for Protective Order [44].[3] But for Autonomy's unreasonable litigation against Perland in this matter, Perland's fees and costs would have been minimal. It is only due to the actions of Autonomy that Perland has incurred the majority of its fees and costs, fees that it otherwise never would have

---

[2] For example, Perland was forced to respond to Autonomy's extensive summary judgment response brief [D.E. 75], which cites to no less than twenty cases.

[3] Autonomy eventually withdrew the subpoena, <u>but only two days prior to the hearing scheduled with the magistrate on Perland's Motion to Quash and/or for Protective Order</u> (after Perland followed the process to request, clear and obtain the hearing). This conducted is well documented in the invoices attached hereto as **Exhibit "2."** *See e.g.*, July, August, and September 2023 invoices reflecting Autonomy's strenuous opposition to the entry of an interpleader order, unnecessary discovery requests to Plaintiff, and attempted issuance of a subpoena. By contrast, Perland's numerous attempts to resolve this matter through an agreed interpleader order are reflected in the Firm's October 2023 and January and February 2024 invoices.

incurred. Therefore, it is only just that Perland be reimbursed its reasonable attorneys' fees and costs in pursuing this interpleader action, which this Court agrees Perland has successfully established. *See* Order at p. 8.

## CONCLUSION

As an innocent stakeholder caught in the middle of this dispute, and pursuant to 28 U.S.C. § 1335 and Fed. R. Civ. P. 22, Plaintiff is entitled to be reimbursed its reasonable attorneys' fees and costs and hereby seeks fees of $34,495.00 and costs of $931.39 for the reasons set forth herein.

## CERTIFICATE OF CONFERRAL

I hereby certify that undersigned counsel for Perland conferred by telephone on June 7, 2024 and thereafter by electronic mail with counsel for Defendant, Autonomy, regarding the instant Motion prior to filing same, but the parties have failed to reach an agreement on the Motion. Defendant, Ulla, was previously defaulted in this matter.

## VERIFICATION

I, Ellen Marie Patterson, hereby certify, under oath and subject to the penalty of perjury, that the information contained in this Verified Motion for Attorneys' Fees and Costs is true and accurate to the best of my knowledge and belief.

Executed this 12th day of June 2024.

*/s/Ellen Marie Patterson*
Ellen Marie Patterson

                Respectfully submitted,

                **LEVINE KELLOGG LEHMAN SCHNEIDER + GROSSMAN LLP**
                Miami Tower
                100 SE 2nd Street, 36th Floor
                Miami, FL 33131
                Telephone: (305) 403-8788
                ***By: /s/ Ellen Marie Patterson***
                ELLEN MARIE PATTERSON, ESQ.
                Florida Bar No. 0520012
                Email: ep@lklsg.com
                Secondary Email: ph@lklsg.com

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on June 12, 2024, the undersigned complied with service requirements by electronically filing this document through CM/ECF on the following:

Chase Law & Associates, P.A.
Kenneth E. Chase
FBN: 017661
*Counsel for Autonomy Investment Puerto Rico, LLC*
1141 71st Street
Miami Beach, FL 33141
(305)402-9800

and via U.S. Mail and email on the following:

Ulla Holding, Inc.
*Pro-Se*
c/o Corporation Service Company, as R.A.
251 Little Falls Drive
Wilmington, DE 19808
Email: delburgo@gmail.com

                ***By: /s/ Ellen Marie Patterson***
                ELLEN MARIE PATTERSON, ESQ.
                Florida Bar No. 0520012