UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:23-CV-21445

PERLAND TITLE & ESCROW
SERVICES CORP., a Florida
corporation

      Plaintiff,

vs.

AUTONOMY INVESTMENT PUERTO
RICO, LLC, a Florida limited liability
company and ULLA HOLDING, INC.,
a Delaware corporation
_____/

## AFFIDAVIT OF REASONABLE ATTORNEYS' FEES

| STATE OF FLORIDA | ) |
|---|---|
|  | :SS |
| COUNTY OF BROWARD | ) |

      BEFORE ME, the undersigned authority, personally appeared Carlos D. Lerman, Esq, who, after being duly sworn, deposes and says:

      1.     I am an attorney licensed to practice law in the State of Florida and duly admitted and qualified to practice in the United States District Court for the Southern District of Florida since 1988.

      2.     My primary practice area is real estate and commercial litigation.

      3.     I am familiar with Rule 4-1.5(b) of the Rules Regulating the Florida Bar, and have taken into consideration the factors set forth in such Rule for the determination of reasonable attorney's fees.

4. I am also familiar with and have considered the dictates of the Florida Supreme Court in the case of *Florida Patient's Compensation Fund v. Rowe*, 472 So.2d 1145 (Fla. 1985) for the determination of reasonable attorney's fees.

5. Perland Title & Escrow Services Corp. ("Perland"), Plaintiff in the action styled *Perland Title & Escrow Services Corp. v. Autonomy Investment Puerto Rico, LLC et al*, Case No. 1:23-CV-21445 pending in the United States District Court, Southern District of Florida ("Action"), retained me to render an opinion as to the reasonableness of the fees and costs sought by its counsel, Levine, Kellogg, Lehman, Schenider and Grossman LP. ("Levine Firm") in the Action.

6. In forming my opinion I engaged in the following:

A. I spoke to Ellen Marie Patterson who informed me of the underlying facts of the Action, the applicable legal issues, the extent, tenor, and tone of her communications with opposing counsel and the procedural history of the Action.

B. I reviewed the detailed time entries in the invoices issues by the Levine Firm for its representation of Perland in the Action.

C. I reviewed the New Client Retainer Letter/Retention Agreement ("Retainer Agreement") between Perland and the Levine Firm with respect to the Levine Firm's representation of Perland in the Action.

D. I reviewed the Docket for the Action (which contained 89 Docket Entries) and each of the following filings:

- Notice of Removal
- Defendant's Answer, Affirmative Defenses and Crossclaim
- Defendant's Removal Status Report
- Defendant's Motion for Extension of Time to File Declaration of Citizenship
- Defendant's Affidavit as to Citizenship
- Scheduling Order

      - Defendant's Motion for Extension of Time to complete service
- Order regarding selection of Mediator
- Plaintiff's Motion for Summary Judgment
- Plaintiff's Statement of Material Facts in Support of Motion for Summary Judgment
- Plaintiff's Motion to Amend to Plead Statutory basis for Invoking Fla. Stat 48.161 and 48.181 (substitute service on Secretary of State).
- Defendant's Response in Opposition to Plaintiff's Motion for Summary Judgment
- Defendant's Statement of Material Facts in Opposition to Motion for Summary Judgment
- Defendant's Motion for Entry of Clerk's Default on Crossclaim
- Clerk's Default on Crossclaim
- Defendant's Answer and Affirmative Defenses to Amended Complaint
- Plaintiff's Motion for Clerk's Default as to Ulla Holding, Inc.
- Clerk's Default against Ulla Holding, Inc.
- Plaintiff's Renewed Motion for Summary Judgment
- Defendant's Response in Support of Plaintiff's Renewed Motion for Summary Judgment
- Plaintiff's Reply to Defendant's Response to Plaintiff's Renewed Motion for Summary Judgment
- Court Order granting Plaintiff's Motion for Hearing on the Motion for Summary Judgment
- Plaintiff's Motion for Order Extending Pretrial Deadlines
- Order Granting Plaintiff's Motion for Summary Judgment

      7.     Based on my review of the foregoing, the reasonable fees for the services provided by the Levine Firm for Perland in the Action would be $49,850.00. My calculation is based on the total time spent by the Levine Firm (102.7 hours less 3 hours billed by Katelyn Garciga) which I opine to be reasonable, at an hourly rate of $500.00 per hour. The billing rate of $350.00 set forth in the invoices and the Retainer Agreement for partners of the Levine Firm, with the experience of Ms. Patterson and Ms. Lima (who also provided services for the Plaintiff in the Action), is far below the reasonable and customary billing rate in the community for attorney's with Ms. Patterson's and Ms. Lima's experience for services in a matter such as the Action. A reasonable hourly rate is $500.00 per hour.

**FURTHER AFFIANT SAYETH NAUGHT.**

_____
Print Name: Carlos D. Lerman

SWORN TO AND SUBSCRIBED before me this \_\_ day of June_____, 2024 by Carlos D. Lerman, Esq. who is personally known to me, and who did take an oath that the matters set forth herein are true and correct to the best of his knowledge and belief.

_____
NOTARY PUBLIC, State of Florida

LISBETH DEL CARMEN JARAMILLO
Notary Public - State of Florida
Commission # HH 391700
My Comm. Expires May 29, 2027
Bonded through National Notary Assn.